Submitted July 28, remanded for resentencing; otherwise affirmed
September 8, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEREK RICHARD WILSON,
*Defendant-Appellant.*

Marion County Circuit Court
09C40480; A142749

263 P3d 1107

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals a judgment of conviction, following a stipulated facts trial, for driving under the influence of intoxicants (DUII), ORS 813.010. On appeal, defendant contends that the trial court erred in denying his motion to suppress because the officer lacked probable cause to stop defendant and that the trial court "exceeded its statutory authority when it imposed a [DUII conviction] fee in excess of $130" under ORS 813.030 (2009).[1] We write only to address defendant's contention concerning the DUII conviction fee and reject his contention concerning the denial of his suppression motion without discussion. Because we conclude that the trial court erred in imposing a fee greater than that permitted under ORS 813.030, we remand for resentencing.

The operative facts for purposes of our review are procedural. After the trial court found defendant guilty based on stipulated facts, defendant immediately proceeded with sentencing. During sentencing there was no discussion concerning the DUII conviction fee. Ultimately, the trial court entered a preprinted form of judgment on which the judge checked the box that corresponded to the following statement: "Defendant shall pay a DUII conviction fee of $230.00[.]" Defendant appeals.

On appeal, defendant contends that, because ORS 813.020 and ORS 813.030 provide for a DUII conviction fee of $130, the trial court erred in imposing a greater fee. Defendant acknowledges that he did not preserve that issue, but requests that we exercise our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991), to review it as "an error of law apparent on the record," ORAP 5.45(1).

The state acknowledges that the DUII conviction fee exceeds the fee set forth in ORS 813.020 and ORS 813.030.

---

[1] We apply the 2009 version of ORS 813.030 because, even though the statute was amended after defendant committed the crime in this case, those amendments are immaterial to our analysis. Or Laws 2009, ch 595, § 1142. ORS 813.030 was also amended in 2011 to, *inter alia*, increase the amount of the DUII conviction fee to $255; however, those amendments do not apply to this case. Or Laws 2011, ch 597, §§ 147, 324, 325. Throughout this opinion, all references to ORS 813.030 are to the 2009 version.

Nevertheless, it contends that we should not exercise our *Ailes* discretion to correct the trial court's error because "[d]efendant has not pursued a remedy under ORS 138.083[(1)(a)]," which provides that "[t]he sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment."

We begin with preservation. In *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008), the Supreme Court explained that "[p]reservation rules are pragmatic as well as prudential" and that, "[i]n some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue." Here, there is no indication that defendant had an opportunity to object to the imposition of the $230 fee in the preprinted judgment until it was entered. Accordingly, preservation is not required.

As to the merits, we agree with defendant that the trial court erred in imposing a $230 DUII conviction fee under the pertinent statutes. Specifically, under ORS 813.020(1)(a), when a defendant is convicted of DUII, the court shall require the defendant, *inter alia*, to "[p]ay to the court the fee described under ORS 813.030." In turn, ORS 813.030 provides, in part, that the fee required by ORS 813.020(1)(a) "shall be in the amount of $130[.]" Accordingly, the trial court erred.

Remanded for resentencing; otherwise affirmed.