Submitted April 30, portion of judgment requiring defendant to pay offense surcharges reversed; otherwise affirmed June 11, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN PATRICK SIMKINS,
*Defendant-Appellant.*

Washington County Circuit Court
C110391CR; A152269

330 P3d 1235

Peter Gartlan, Chief Defender, and Mary M. Reese, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Haselton, Chief Judge.

DUNCAN, P. J.

### DUNCAN, P. J.

After defendant was convicted of two counts of first-degree theft and two counts of first-degree criminal mistreatment, the trial court ordered defendant to pay an "offense surcharge" of $35 for each conviction, pursuant to Oregon Laws 2009, chapter 659, section 2. On appeal, defendant argues that the trial court plainly erred in imposing that surcharge because his crimes were committed outside the period of time covered by the authorizing statute. *See* Or Laws 2009, ch 659, § 2(3) (providing that "[t]he offense surcharge required by this section shall be imposed only for offenses that are committed on or after October 1, 2009, and before July 1, 2011").[1] Defendant asks that we exercise our discretion to review and correct what is indisputably an error apparent on the record. ORAP 5.45(1).

The state, in response, does not endeavor to defend the trial court's ruling—nor can it. The indictment alleged that the relevant offenses were committed between December 1, 2008, and May 30, 2009, and the evidence at trial established that defendant committed the crimes of conviction between those two dates. There was no evidence that defendant committed any crimes on or after October 1, 2009—the relevant date for purposes of imposition of an offense surcharge under Oregon Laws 2009, chapter 659, section 2(3). Thus, the court plainly exceeded its sentencing authority by imposing a surcharge that was not authorized by law.

Although the state essentially concedes that the surcharge was erroneously imposed, it nonetheless urges us not to exercise our discretion to correct the error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) ("[T]he appellate court must exercise its discretion to consider or not to consider the error, and if the court chooses to consider the error, the court must articulate its reasons for doing so."); *id.* ("A court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution. Such an action is contrary to the strong policies requiring preservation and raising of error.").

---

[1] Because of its limited temporal scope, Oregon Laws 2009, chapter 659, section 2, was not codified in the Oregon Revised Statutes.

According to the state, the surcharges (totaling $140) are only a small part of approximately $8,500 that defendant was required to pay in fines and fees; the error easily could have been avoided had defendant simply pointed it out to the trial court at the time of sentencing; and, even after sentencing, defendant could have filed a motion in the trial court under ORS 138.083[2] to delete the erroneous term from the judgment. All of those reasons, the state contends, militate against this court exercising its discretion to review and correct the trial court's erroneous imposition of the surcharges.

Although we appreciate that the offense surcharges are not a substantial amount of money in relationship to the other fees imposed, and that the error easily could have been remedied in the trial court rather than on appeal, those factors are significantly outweighed in this case by the prospect of wasting further judicial resources on this patent and easily corrected error. This is not a case in which there is any conceivable strategic reason for counsel's failure to object to the surcharges, nor is it a case in which a timely objection by defendant's counsel would have yielded a different record below. In this posture, post-conviction relief is the obvious and inevitable path for defendant in the event that we decline to correct the error at this juncture. In this unique context, where we are equally competent as a trial court or post-conviction court to address the error, we see no reason to compound the error, and waste further judicial resources, by declining to address it now. *See State v. Reynolds*, 250 Or App 516, 526, 280 P3d 1046, *rev den*, 352 Or 666 (2012) ("There is, in short, no reason to deny review where it would result in more unnecessary proceedings and, ultimately, less judicial efficiency."); *State v. Cleveland*, 148 Or App 97, 100, 939 P2d 94, *rev den*, 325 Or 621 (1997) ("We see no reason, and the state offers none, as to why defendant should be made to jump through more procedural hoops before he can get the relief to which he is entitled. In this case, we are in a position to order the same relief to which defendant would

---

[2] ORS 138.083(1)(a) provides that "[t]he sentencing court retains authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment."

be entitled under a post-conviction proceeding, and we do so in the interests of judicial economy.").[3] Thus, in the interests of judicial economy, we exercise our discretion to review and correct defendant's asserted of error, and we reverse the trial court's imposition of offense surcharges that were not authorized by statute.

Portion of judgment requiring defendant to pay offense surcharges reversed; otherwise affirmed.

---

[3] This is not to say that the availability of post-conviction relief will necessarily militate in favor of our exercise of discretion under different circumstances. In other cases, the ends of justice may be better served by the development of a post-conviction record, or other factors may outweigh judicial efficiency.