STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID WAGNER GAMMON,
*Defendant-Appellant.*

Washington County Circuit Court
C110918CR; A151181

332 P3d 347

Peter Gartlan, Chief Defender, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. David Gammon filed a supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Hadlock, Presiding Judge, and Tookey, Judge, and De Muniz, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. On appeal, defendant contends that the trial court erred in denying his motion to suppress because the officer lacked probable cause to stop defendant and that the trial court plainly erred when it imposed a DUII fee of $255 because, under ORS 813.030 (2009), the DUII-conviction fee could not exceed $130.[1] Defendant also raises two additional assignments of error in a *pro se* supplemental brief. We write only to address defendant's contention concerning the DUII fee, and reject his remaining assignments of error without discussion.

With respect to the DUII fee, the state "concedes that the trial court committed plain error in assessing a DUII conviction fee of $255" and that the judgment must, therefore, be remanded. We agree. Under ORS 813.030, the court may require a defendant convicted of DUII to pay a fee "in the amount of $130." Accordingly, the court erred in imposing a fee in excess of that amount. *See State v. Wilson*, 245 Or App 365, 263 P3d 1107 (2011) (trial court erred in imposing DUII-conviction fee in excess of the amount allowed under the pertinent statutes). Furthermore, for the reasons set forth in *State v. Simkins*, 263 Or App 459, 330 P3d 1235 (2014), we conclude it is appropriate to exercise our discretion to correct the error.

Portion of judgment imposing DUII-conviction fee reversed and remanded for entry of a fee in the amount of $130; otherwise affirmed.

---

[1] ORS 813.030 was amended after defendant committed his crime in this case, and now provides for a DUII-conviction fee of $255. *See* Or Laws 2011, ch 597, §§ 147, 324, 325. However, those amendments do not apply to this case. Throughout this opinion, references to ORS 813.030 are to the 2009 version.