Submitted January 2, portion of judgment requiring defendant to pay the $750 court-appointed attorney fee and the $60 fine reversed; otherwise affirmed February 25, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOLAS FRANK PRANZETTI,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1300803; A155525

344 P3d 547

Peter Gartlan, Chief Defender, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Defendant pleaded guilty to one count of unlawful possession of more than one ounce of marijuana, ORS 475.864, and stipulated to sentencing. At the sentencing hearing, the trial court announced a sentence that ordered, among other things, payment of a court-appointed attorney fee and a unitary assessment. The trial court, however, omitted the *amount* of the fee and assessment. The terms of the stipulation do not appear in the record, and the prosecutor did not mention fees or fines when recommending the sentence. The written judgment imposes a $750 court-appointed attorney fee and a $60 "mandatory state amt."

Defendant assigns error to the court-appointed attorney fee, raising two arguments. First, he contends that the imposition of the fee was made outside his presence in violation of ORS 137.030(1) ("For the purpose of giving judgment, if the conviction is for [a] felony, the defendant shall be personally present."). Second, defendant argues that the trial court did not have the authority to impose a court-appointed attorney fee without evidence of his ability to pay it. "[T]he trial court cannot impose an obligation to pay attorney fees unless the record demonstrates that the defendant 'is or may be able to pay them.'" *See State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009) (quoting ORS 161.665(4)). Defendant also assigns error to the $60 fine, pointing out that the court did not have authority to impose the fine. That is so because the legislature repealed the statute that would have authorized the fine as a unitary assessment; the repeal was effective January 1, 2012, and the former law does not apply to any offense committed on or after January 1, 2012. *See former* ORS 137.290(2)(b) (2009), *repealed by* Or Laws 2011, ch 597, § 118. The state concedes that the challenged court-appointed attorney fee and fine were imposed in error. We agree, accept the concession, and remand the case so that the trial court can correct the errors.

Portion of judgment requiring defendant to pay the $750 court-appointed attorney fee and the $60 fine reversed; otherwise affirmed.