Submitted June 30, portion of judgment requiring defendant to pay $60 for each conviction reversed, otherwise affirmed August 12, petition for review denied November 12, 2015 (358 Or 248)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HENRY A. LINDEMANN,
aka Heinz Lindemann,
*Defendant-Appellant.*

Lincoln County Circuit Court
131354; A155636

358 P3d 328

Peter Gartlan, Chief Defender, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Susan Reid, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted of failure to perform the duties of a driver when property is damaged, ORS 811.700; failure to appear on a criminal citation, ORS 133.076; and second-degree failure to appear, ORS 162.195. We reject without written discussion defendant's first and second assignments of error and write only to address his third assignment, which challenges the trial court's imposition of a $60 "mandatory state amount" for each conviction. Defendant points out that the trial court imposed fines of $500 or $250 for each conviction, as allowed by ORS 153.633, and argues that there is no statutory authority to separately impose additional fines.[1] The state concedes that the $60 "mandatory state amount" fees were imposed in error. We agree, accept the state's concession, and reverse the portion of the judgment requiring defendant to pay $60 for each conviction.

Portion of judgment requiring defendant to pay $60 for each conviction reversed; otherwise affirmed.

---

[1] ORS 153.633(1) provides:

"In any criminal action in a circuit court in which a fine is imposed, the lesser of the following amounts is payable to the state before any other distribution of the fine is made:

"(a) $60; or

"(b) The amount of the fine if the fine is less than $60."

Defendant observes that the statute does not provide authority for the trial court to *impose* a fee but, rather, *directs* the first $60 (or the entire fine if less than $60) of whatever fine is imposed to be paid to the state.