STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STACY ANN NUTT,
*Defendant-Appellant.*

Lincoln County Circuit Court
130756; A155649

360 P3d 636

Peter Gartlan, Chief Defender, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

DUNCAN, P. J.

**DUNCAN, P. J.**

In this criminal case, defendant appeals the trial court's judgment convicting her of attempted driving under the influence of intoxicants (DUII), a Class B misdemeanor. ORS 813.010; ORS 161.405. On appeal, defendant raises three assignments of error.

In her first and second assignments of error, she asserts that the court erred by empanelling, and accepting a verdict from, a jury of fewer than 10 persons. Defendant's argument in support of those assignments is foreclosed by *State v. Sagdal*, 356 Or 639, 343 P3d 226 (2015), and, therefore, we reject those assignments without further written discussion.

In her third assignment of error, defendant asserts that the trial court erred by ordering her to pay a $60 "Mandatory State Amt" and requests that we reverse the portion of the judgment imposing the "Mandatory State Amt." In response, the state acknowledges that the trial court may have erred by ordering defendant to pay the "Mandatory State Amt," but contends that the appropriate remedy is for us to remand the case "to allow the court to clarify its reasoning" and whether it intended the "Mandatory State Amt" to be a "fine." For the reasons explained below, we conclude that the trial court erred in imposing the "Mandatory State Amt" and, as we have in similar cases, we reverse the portion of the judgment imposing the "Mandatory State Amt" and otherwise affirm.

The relevant facts are procedural. After a jury convicted defendant of the single charged count, the trial court held a sentencing hearing during which it told defendant, "Financial obligation in your case is a $750 fine. Order that you reimburse the State for the cost of court-appointed counsel in the amount of $173." In a subsequently issued written judgment, the trial court imposed the following financial obligations: a $750 "Fine," $173 in "Attorney Fees," a $100 "Bench Probation Assessment," and a $60 "Mandatory State Amt," for a total of $1,083. The trial court set out the complete list of financial obligations twice in its written judgment, first under the heading "Monetary Terms," and then under the heading "Money Award."

On appeal, defendant challenges the "Mandatory State Amt," arguing that the trial court lacked authority to impose it.[1] Whether a trial court exceeded its statutory authority when imposing a sentence is a question of law, which we review for errors of law. *State v. Beckham*, 253 Or App 609, 615-16, 292 P3d 611 (2012). Because defendant is appealing a misdemeanor sentence, our review is governed by ORS 138.040. *Id.* (review of misdemeanor sentences is governed by ORS 138.040, whereas review of felony sentences is governed by ORS 138.222).

The parties agree that, because nothing in the record indicates that defendant had notice of, or a prior opportunity to object to, the trial court's imposition of the "Mandatory State Amt" before the trial court entered its written judgment, defendant did not need to preserve her challenge to the imposition of the "Mandatory State Amt." *See State v. Lewis*, 236 Or App 49, 52, 234 P3d 152, *rev den*, 349 Or 172 (2010) (preservation was not required when the challenged portions of the defendant's sentence were not announced in open court but instead simply appeared on the face of the judgment); *see also State v. DeCamp*, 158 Or App 238, 241, 973 P2d 922 (1999) ("A party cannot be required to raise an objection contemporaneously with a trial court's ruling or other action when the party was not on notice of the trial court's intended action and had no opportunity to be present when the trial court acted.").

The judgment does not identify any statutory basis for imposition of the "Mandatory State Amt," and defendant contends that there is none. Defendant suggests that "[t]he most likely explanation is that the trial court misapplied ORS 153.633," which provides, in part:

"(1) In any criminal action in a circuit court in which a fine is imposed, the lesser of the following amounts is payable to the state before any other distribution of the fine is made:

---

[1] Defendant does not challenge the trial court's imposition of the $100 "Bench Probation Assessment"; she notes that ORS 137.540(7) provides that, if a court places a defendant on bench probation, "the defendant shall pay a fee of $100 to the court."

"(a)    $60; or

"(b)    The amount of the fine if the fine is less than $60."

As defendant argues, and the state agrees, ORS 153.633 does not authorize a court to impose a fine, but rather directs that the first $60 of a fine (or the entire fine if less than $60) be paid to the state. We agree with the parties and conclude that the trial court lacked authority to impose an additional financial obligation under ORS 153.633.

The state acknowledges that, given what the trial court said at sentencing and how it labeled the financial obligations on the judgment, "it appears the court may have erroneously believed that it had authority (and perhaps an obligation) under ORS 153.633 to impose an additional fine." But, the state contends, "it is also possible that the court simply decided to deviate from what it said at sentencing and to impose a total fine of $810 pursuant to ORS 161.635(1)(b)," which allows for imposition of a fine up to $2,500 for a Class B misdemeanor. Thus, the state argues, without citation to any legal authority, that "the proper remedy [is] to remand the case back to the trial court to clarify the amount of the fine."

The difficulty with the state's argument is that the trial court was clear about the amount of the fine it intended to impose. As set out above, at the sentencing hearing, the trial court told defendant that it was imposing a "$750 fine," and, in both places in the written judgment where the financial obligations are listed, the trial court identified the amount of the "fine" as $750. Thus, the record is clear that the trial court intended to impose a $750 fine. The trial court did not label the challenged $60 obligation as a fine; instead, it labeled it as a "Mandatory State Amt," which—the state does not dispute—lacks any statutory authorization.

In similar cases, where a trial court has imposed a financial obligation without authority to do so, we have reversed the portion of the judgment imposing the obligation. We did so recently in *State v. Lindemann*, 272 Or App 780, 781, 358 P3d 328 (2015), which involved a $60 "mandatory state amount," and *State v. Pranzetti*, 269 Or App 410, 411, 344 P3d 547 (2015), which involved a $60 "mandatory

state amt." In keeping with those cases, we reverse the portion of the judgment requiring defendant to pay the $60 "Mandatory State Amt," and we otherwise affirm.

Portion of judgment requiring defendant to pay the $60 "Mandatory State Amt" reversed; otherwise affirmed.