Submitted October 29, portion of judgment requiring defendant to pay "Mandatory State Amt" of $60 for each count of conviction reversed, otherwise affirmed December 9, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BECCI SASSER,
aka Becci Rhee Lathrop,
*Defendant-Appellant.*

Wallowa County Circuit Court
12102296; A155984

364 P3d 352

Peter Gartlan, Chief Defender, and Mary M. Reese, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for burglary in the first degree, ORS 164.225, and criminal mischief in the first degree, ORS 164.365, assigning error to the trial court's imposition of a "Mandatory State Amt" of $60 on each count. Defendant argues that the court lacked statutory authority to order payment of those amounts, and, therefore, although she failed to preserve the error below, the error is "plain" and we should exercise our discretion to correct it under ORAP 5.45(1).[1] The state concedes that the trial court had no authority to impose the assessments, because the statute authorizing unitary assessments, *former* ORS 137.290 (2009), was repealed by the legislature in 2011, before defendant was sentenced in this case. Or Laws 2011, ch 597, § 118. We agree and accept the state's concession. *See, e.g., State v. Lindemann*, 272 Or App 780, 358 P3d 328 (2015) (accepting state concession that trial court erred in imposing $60 "mandatory state amount" because the court lacked statutory authority to impose those fees); *State v. Wills*, 260 Or App 440, 317 P3d 407 (2013) (accepting state concession that trial court erred in imposing unitary assessment because *former* ORS 137.290(2)(b) (2009) was no longer in effect when the defendant was sentenced). We also conclude—and the state does not dispute—that, for reasons of judicial economy and the ends of justice, it is appropriate for us to exercise our discretion to correct the error. *See, e.g., State v. Simkins*, 263 Or App 459, 461, 330 P3d 1235 (2014) (exercising discretion to correct as plain error erroneous imposition of surcharges, explaining that, "in this unique context, where we are equally competent as a trial court or post-conviction court to address the error, we see no reason to compound the error, and waste further judicial resources, by declining to address it now"); *State v.*

---

[1] Here, unlike other cases in this context in which we have held that preservation principles were inapposite because the error first appeared in the judgment, *see, e.g., State v. Nutt*, 274 Or App 217, 219, 360 P3d 636 (2015), defendant had an opportunity to object to the imposition of the fees because the trial court announced at sentencing that it intended to impose "a $60 unitary assessment." Thus, defendant was required to preserve her claim of error or to otherwise demonstrate that the error satisfied the requirements for plain error review. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (stating those requirements).

*Rowling*, 259 Or App 290, 313 P3d 386 (2013), *rev den*, 354 Or 735 (2014) (exercising discretion, based on "the interests of the parties and the ends of justice," to correct imposition of assessment when no statute authorized its imposition).

Portion of judgment requiring defendant to pay "Mandatory State Amt" of $60 for each count of conviction reversed; otherwise affirmed.