Submitted November 25, affirmed December 23, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN SCOTT DYLLA,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1301192; A155555

365 P3d 662

Peter Gartlan, Chief Defender, and Laura A. Frickert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Nakamoto, Judge, and Lagesen, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of unlawful use of a weapon, ORS 166.220, menacing, ORS 163.190, and pointing a firearm at another, ORS 166.190. For those convictions, the trial court sentenced defendant to 30 days' jail and 24 months' probation and also ordered defendant to pay court-appointed attorney fees in the amount of $260. The imposition of attorney fees is defendant's sole basis for his appeal. Although defendant's challenge to the attorney fees is unpreserved, he contends that the court plainly erred, ORAP 5.45(1), because the record was insufficient to show that he had the ability to pay them. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (the state bears burden of proving that defendant "is or may be able to pay" attorney fees as required by ORS 151.505(4) and ORS 161.665(4), and it is plain error for the trial court to impose attorney fees if the record is silent as to defendant's ability to pay the ordered attorney fees). In defendant's view, that is so because the only facts in the record concerning his ability to pay fees were that, at the time of sentencing, he was 39 years old and current with his monthly $691 child-support payments, he had received a job offer as a truck driver in Texas (he was planning on moving there), and his sentence was for 30-days of jail time and two years' probation. For its part, the state adds that defendant had been employed as a truck driver for 18 years, the last five of which he had worked for the same employer, and had an associate's degree. The record, the state contends, is more than sufficient to show that defendant had the ability to pay the relatively small amount of $260.

We agree with the state. This is not an instance of the court imposing attorney fees "based on an impermissible speculation of an ability to pay that did not satisfy the terms of the statute." *State v. Zepeda*, 274 Or App 401, 407, 360 P3d 715 401 (2015); *cf. id.* ("[T]he record does not reflect that defendant either had a source of income, an educational background, or the prospect of future employment, nor does it contain any other indication that defendant had, or might have, the ability to the pay fees."). That is, defendant's long history of employment and prospects for future employment, college degree, ability to meet a financial obligation, and

30-day jail sentence are sufficient to support a reasonable inference of defendant's ability to pay the amount imposed by the court. *See State v. Gensler*, 266 Or App 1, 13, 337 P3d 890 (2014), *rev den*, 356 Or 690 (2015) (defendant's GED, college attendance, and work experience supported our conclusion that his "educational background and * * * previous employability was sufficient to support the nonspeculative inference that, after his release from prison," defendant had the ability to pay attorney fees); *State v. Jaimes-Pineda*, 271 Or App 75, 82, 350 P3d 465 (2015) (no plain error because defendant testified that he was a farm equipment mechanic able to find jobs "everywhere when he goes into farms" and that, after a seasonal layoff, he expected to return to work in the near future). We therefore conclude—easily—that the trial court did not plainly err when it ordered defendant to pay court-appointed attorney fees in the amount of $260.

Affirmed.