STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SANTOS ANTHONY CARO,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1301846; A157675

373 P3d 1223

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for unlawful possession of methamphetamine (Count 1), felon in possession of a restricted weapon (Count 2), and identity theft (Count 3). On appeal, he contends that the trial court erred in (1) denying his motion for judgment of acquittal on Count 3; (2) denying him eligibility for alternative incarceration programs; and (3) imposing a $60 mandatory state assessment on each count. We reject the first two of those assignments of error without discussion and write only to address defendant's third assignment of error, which we exercise our discretion to correct as plain error. *See* ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (court has discretion to review unpreserved error of law apparent on the face of the record).

The judgment requires defendant to pay a $60 "Mandatory State Amt" on each count of conviction. Defendant contends that, to the extent those amounts were intended to reflect the imposition of unitary assessments—as the trial court indicated at the sentencing hearing—the court plainly erred, because defendant's offense occurred after the repeal of the statute authorizing such assessments.[1] The state concedes the error, and we agree. *See former* ORS 137.290(2)(b) (2009), *repealed by* Or Laws 2011, ch 597, § 118; Or Laws 2012, ch 89, § 1; *State v. Sasser*, 275 Or App 471, 472-73, 364 P3d 352 (2015) (court plainly erred in imposing $60 mandatory state amount where no current statute authorized its imposition); *State v. Rowling*, 259 Or App 290, 291, 313 P3d 386 (2013), *rev den*, 354 Or 735 (2014) (correcting as plain error imposition of unitary assessment where defendant committed offense after operative date of repeal of ORS 137.290(2)(b)). Moreover, for the reasons stated in *Sasser*—that is, judicial economy and the ends of justice—we conclude that it is appropriate to exercise our discretion to correct the error as plain error.

Portions of judgment requiring defendant to pay "Mandatory State Amt" reversed; otherwise affirmed.

---

[1] As defendant correctly points out, no other statute authorizes the imposition of a freestanding $60 mandatory state assessment, either. ORS 153.633(1)(b) simply directs that the first $60 of any fine imposed is payable to the state; here, the court did not impose any fines.