Submitted March 4, portion of the judgment in A158366 requiring defendant to pay the $60 "Mandatory State Amt" reversed, A158365 and A158367 affirmed May 4, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EUGENE CONRAD MACHADO,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF140227, CR140167, CF140575
A158365 (Control), A158366, A158367

373 P3d 1224

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Debra C. Maryanov, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

## PER CURIAM

In this consolidated appeal, defendant raises a single assignment of error, asserting that, in A158366, the trial court erred by imposing a $60 "Mandatory State Amt."[1] Defendant argues that the trial court did not have statutory authority to impose the financial obligation, and the state concedes that the trial court erred. We agree with the parties, reverse the portion of the judgment in A158366 requiring defendant to pay the $60 "Mandatory State Amt," and otherwise affirm.

In A158366, defendant was convicted of felony strangulation constituting domestic violence, ORS 163.187(4). In its written judgment, the trial court imposed a $1,690 fine and an additional $60 "Mandatory State Amt."

Defendant did not object to the imposition of the $60 "Mandatory State Amt," but, as the parties agree, defendant was not required to preserve his assignment of error, because the trial court did not mention the financial obligation in open court and did not otherwise provide notice of its intent to impose the obligation; the obligation appeared for the first time in the judgment. *See State v. Lewis*, 236 Or App 49, 52, 234 P3d 152, *rev den*, 349 Or 172 (2010) (preservation was not required when the challenged portions of the defendant's sentence were not announced in open court but instead simply appeared on the face of the judgment); *State v. DeCamp*, 158 Or App 238, 241, 973 P2d 922 (1999) ("A party cannot be required to raise an objection contemporaneously with a trial court's ruling or other action when the party was not on notice of the trial court's intended action and had no opportunity to be present when the trial court acted.").

Whether a court exceeded its statutory authority when imposing a sentence is a question of law, which we review for errors of law. *State v. Beckham*, 253 Or App 609, 612, 292 P3d 611 (2012). Defendant asserts that "[i]t is likely that the $60 mandatory state amount reflects a misunderstanding of ORS 153.633(1)[,]" which provides that the first

---

[1] Defendant's assignment of error does not relate to either of his other cases, A158365 or A158367.

$60 of a fine (or the entire fine if less) be paid to the state.[2] The state agrees, noting that ORS 153.633 "directs the first $60 of any fine imposed to go to the state, but it does not provide for the imposition of a separate $60 fee." *See also State v. Nutt,* 274 Or App 217, 220, 360 P3d 636 (2015), *rev den,* 358 Or 551 (2016) (so holding); *State v. Lindemann,* 272 Or App 780, 781, 358 P3d 328, *rev den,* 358 Or 248 (2015) (same).

Because the trial court lacked statutory authority to impose the $60 "Mandatory State Amt," we reverse the portion of judgment requiring defendant to pay that amount, as we have in similar cases. *See Nutt,* 274 Or App at 220-21; *Lindemann,* 272 Or App at 781.

Portion of the judgment in A158366 requiring defendant to pay the $60 "Mandatory State Amt" reversed; A158365 and A158367 affirmed.

---

[2] ORS 153.633(1) provides, "In any criminal action in a circuit court in which a fine is imposed, the lesser of the following amounts is payable to the state before any other distribution of the fine is made: * * * $60; or * * * [t]he amount of the fine if the fine is less than $60."