Submitted March 16, portions of the judgment requiring defendant to pay the $60 "Mandatory State Amt" reversed, otherwise affirmed May 4, petition for review allowed July 14, 2016 (360 Or 26)
See later issue Oregon Reports

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## STEVEN RAY EASTON,
*Defendant-Appellant.*

Lincoln County Circuit Court
131656; A158376

373 P3d 1225

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Flynn, Judge, and Haselton, Senior Judge.

## PER CURIAM

Defendant appeals the trial court's judgment of conviction and sentence on one count of driving while suspended and one count of failure to appear. On appeal, defendant assigns error to the trial court's requirement that he pay the money award on each count immediately. We reject those assignments without discussion. Defendant also assigns error to the trial court's requirement that he pay a $60 "Mandatory State Amt" on each count. He asserts that the trial court lacked authority to impose those financial obligations. The state agrees, and, for the reasons explained below, so do we. Accordingly, we reverse the portions of the judgment requiring defendant to pay those obligations, and we otherwise affirm.

At defendant's sentencing, the trial court orally imposed a $5,000 fine on the driving while suspended count and a $1,000 fine on the failure to appear count. Then, in its written judgment, the trial court imposed an additional $60 financial obligation, which it labeled as a "Mandatory State Amt," on each count. The trial court had not mentioned those additional financial obligations in open court or otherwise provided notice to defendant that it intended to impose them. Therefore, ordinary preservation principles do not apply, and we may consider defendant's claim that the trial court lacked authority to impose the additional $60 financial obligations, even though defendant did not object to the financial obligations in the trial court. *See State v. Lewis*, 236 Or App 49, 52, 234 P3d 152, *rev den*, 349 Or 172 (2010) (preservation was not required when the challenged portions of the defendant's sentence were not announced in open court but instead simply appeared on the face of the judgment); *State v. DeCamp*, 158 Or App 238, 241, 973 P2d 922 (1999) ("A party cannot be required to raise an objection contemporaneously with a trial court's ruling or other action when the party was not on notice of the trial court's intended action and had no opportunity to be present when the trial court acted.").

As defendant points out, although trial courts previously had authority to impose $60 unitary assessments, the statute authorizing those assessments was repealed prior

to the commission of defendant's crimes, and the statute that replaced it provides only that, if a trial court imposes a fine, the first $60 of the fine (or the entire fine, if it is less than $60) is payable to the state; it does not authorize the trial court to impose a financial obligation in addition to the fine. *Former* ORS 137.290 (2009), *repealed by* Or Laws 2011, ch 597, § 118 (authorizing unitary assessments); Or Laws 2012, ch 89, § 1 (specifying that the unitary assessment statute does not apply to any offense committed on or after January 1, 2012); ORS 153.633(1) (providing that, if a court imposes a fine in a criminal case, the first $60 (or the entire fine, if it is less than $60) is payable to the state); *State v. Nutt*, 274 Or App 217, 220, 360 P3d 636 (2015), *rev den*, 358 Or 551 (2016) (holding that ORS 153.633 does not authorize imposition of a financial obligation in addition to a fine). Therefore, the trial court erred by imposing a $60 "Mandatory State Amt" for each count of conviction.

Portions of the judgment requiring defendant to pay the $60 "Mandatory State Amt" reversed; otherwise affirmed.