Submitted April 1, remanded for resentencing, otherwise affirmed May 11, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JAMES MICHAEL WIGGINS,
*Defendant-Appellant.*

Douglas County Circuit Court
14CR2159MI; A158494

374 P3d 961

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan Yorke, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## PER CURIAM

Defendant was charged with, among other things, harassment, ORS 166.065, and third-degree criminal mischief, ORS 164.345. Those charges arose from an argument between defendant and his girlfriend. While inside an apartment where his girlfriend was present, defendant dumped a milkshake over the head of one of the apartment's occupants and then threw items around the apartment. Defendant eventually pleaded guilty to the harassment and third-degree criminal mischief charges.[1] In its judgment, the trial court ordered defendant to pay $652.25 in restitution. That amount included $200 for damage to the front door of the apartment. The court also imposed a "Mandatory State Amt" of $60 on each count.

On appeal, defendant first assigns error to the trial court's imposition of restitution for the damage to the front door of the apartment. Specifically, he asserts that he did not admit to conduct that damaged the front door of the apartment, nor did the crimes to which he pleaded guilty result in damage to the front door. Accordingly, in defendant's view, the damage to the door was not a result of his criminal activities and the court lacked authority to order restitution for the damage to the door. The state, for its part, concedes that, "because the damage to the door did not arise out of criminal activity for which defendant was convicted or to which he admitted, the imposition of $200 in restitution for that damage was improper." We agree and accept the state's concession in that regard. *See State v. Carson*, 238 Or App 188, 192, 243 P3d 73 (2010) (restitution awards are generally limited to damages resulting from crimes of conviction or other criminal activity to which the defendant has admitted).

Defendant also assigns error to the trial court's imposition of a "Mandatory State Amt" of $60 on each count, arguing that the court lacked statutory authority to order payments of those amounts. The state concedes that there is no statutory authority for the trial court's imposition of

---

[1] Defendant had also been charged with first-degree criminal trespass, ORS 164.255. The court dismissed that charge.

those $60 mandatory state amounts. We agree, accept the state's concession, and note that, when the court resentences defendant, this term should not be included in the resulting judgment. *See State v. Lindemann*, 272 Or App 780, 781, 358 P3d 328, *rev den*, 358 Or 248 (2015) (accepting state's concession that the trial court erred in imposing "a $60 'mandatory state amount' for each" count of conviction).

Remanded for resentencing; otherwise affirmed.