Submitted June 17, portion of judgment requiring defendant to pay $60 "Mandatory State Amt" for each count of conviction reversed, otherwise affirmed October 19, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT BRUCE STIER,
aka B. Robert Stier,
*Defendant-Appellant.*

Lincoln County Circuit Court
142226; A158671

383 P3d 970

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Michael S. Shin, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for resisting arrest, ORS 162.315, menacing, ORS 163.190, and public indecency, ORS 163.465(2)(a). Defendant was sentenced to 270 days in jail and 60 months' bench probation. Among other terms, the judgment imposed $470 in court-appointed attorney fees and $60 on each conviction as a "Mandatory State Amt." On appeal, defendant challenges the imposition of those monetary awards.

As to the "Mandatory State Amt," defendant argues that the trial court erred because no statute authorized the trial court to impose those monetary awards against him. The state concedes that the trial court erred in imposing those amounts based on our decision in *State v. Lindemann*, 272 Or App 780, 358 P3d 328, *rev den*, 358 Or 248 (2015). We agree and accept the state's concession. Accordingly, we reverse the portion of the judgment that imposes $60 on each of defendant's convictions.

As to the attorney fees, defendant argues that the trial court erred when it ordered him to pay those fees because the record contains no evidence of defendant's ability to pay them. Defendant acknowledges that he did not preserve his claim of error, but asks us to correct it as plain error, ORAP 5.45(1). The state responds that the error is not plain and, even if it were, that we should not exercise our discretion to correct it. *See State v. Coverstone*, 260 Or App 714, 715, 320 P3d 670 (2014) (discussing plain error review of the imposition of court-appointed attorney fees).

We agree with the state that the error here is not "plain." At the time of his arrest, defendant possessed a motor home and two vehicles, paid rent at the RV park where he parked the motor home, and had received a $3,080 settlement from the park owner. Also, defendant was sentenced to 270 days in jail, with credit for 187 days served at the time of sentencing. Evidence of defendant's ability to meet a financial obligation, his ownership of at least some assets, and the length of his jail sentence is sufficient to support a nonspeculative inference that defendant has an ability to pay the $470 in court-appointed attorney fees. *See, e.g.,*

*State v. Dylla*, 275 Or App 652, 653-54, 365 P3d 662 (2015) (trial court did not plainly err in imposing $260 in court-appointed attorney fees where the "defendant's long history of employment and prospects for future employment, college degree, ability to meet a financial obligation, and 30-day jail sentence are sufficient to support a reasonable inference of [the] defendant's ability to pay the amount imposed by the court"). We therefore conclude that the trial court did not plainly err in imposing the $470 in court-appointed attorney fees.

Portion of judgment requiring defendant to pay $60 "Mandatory State Amt" for each count of conviction reversed; otherwise affirmed.