Submitted February 21; remanded for entry of judgment imposing $600 fine, otherwise affirmed March 22, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL CUENCA-JUAREZ,
*Defendant-Appellant.*

Washington County Circuit Court
C150235CR; A160372

391 P3d 998

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## PER CURIAM

Defendant appeals a judgment convicting him of three counts of first-degree burglary (Counts 1, 2, and 4). ORS 164.225. The court merged two counts of second-degree theft (Counts 3 and 5) into defendant's convictions on Counts 2 and 4. On appeal, defendant raises three assignments of error. We write only to address defendant's second assignment in which he contends that the trial court plainly erred in imposing $700 in fines, and reject his remaining arguments without discussion. *See* ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (court has discretion to review unpreserved error of law apparent on the record). In particular, defendant points out that the court stated that it would impose a $200 minimum fine for each of Counts 1, 2, and 4. It also stated that it would impose a single $100 fine for Counts 3 and 5. Defendant asserts the court plainly erred in imposing a fine on Counts 3 and 5 because it had "no authority to impose a sentence on a merged count." The state concedes that the court plainly erred by imposing a fine on counts that merged into other convictions. We agree and accept the state's concession. *See State v. Wilcox*, 249 Or App 248, 249, 274 P3d 893 (2012) (trial court errs in imposing sentences on counts that merged into other convictions). In addition, we conclude that, for reasons of judicial economy and the ends of justice, it is appropriate to exercise our discretion to correct the error. *See State v. Sasser*, 275 Or App 471, 472, 364 P3d 352 (2015) (exercising discretion to correct error in imposing a $60 amount in judgment that the sentencing court lacked authority to impose).

Remanded for entry of judgment imposing $600 fine; otherwise affirmed.