Submitted April 21; portion of judgment requiring defendant to pay $60 "Mandatory State Amt" for each conviction reversed, otherwise affirmed June 1, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STANLEY ROBERT VINCENT, JR.,
*Defendant-Appellant.*

Grant County Circuit Court
1406139CR; A159015

399 P3d 485

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Shorr, Judge, and Wollheim, Senior Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for possession of methamphetamine, ORS 475.894, and tampering with physical evidence, ORS 162.295. Defendant was sentenced to 10 days in jail and 18 months of bench probation. Among other terms, the judgment imposed $1,000 in court-appointed attorney fees and $60 on each conviction as a "Mandatory State Amt." On appeal, defendant challenges the imposition of those monetary awards, which we address below. We reject without discussion defendant's first assignment of error.

As to the "Mandatory State Amt," defendant argues that the trial court erred because no statute authorized the trial court to impose those monetary awards against him. The state concedes that the trial court erred in imposing those amounts. *See State v. Machado*, 278 Or App 164, 373 P3d 1224 (2016) (reversing portion of judgment imposing $60 "mandatory state amount" because the court lacked statutory authority to impose it). We agree and accept the state's concession. Accordingly, we reverse the portion of the judgment that imposes a $60 mandatory state amount on each of defendant's convictions.

As to the attorney fees, defendant argues that the trial court erred when it ordered him to pay those fees because the record contains insufficient evidence of defendant's ability to pay them. Defendant argues that the only evidence of his financial status—statements at sentencing that he worked in wildland fire suppression and built his own house—was insufficient to support a finding of ability to pay. Defendant acknowledges that he did not preserve his claim of error but asks us to correct it as plain error, ORAP 5.45(1). The state responds that the error is not plain and, even if it were, that we should not exercise our discretion to correct it. *See State v. Coverstone*, 260 Or App 714, 715, 320 P3d 670 (2014) (discussing plain error review of the imposition of court-appointed attorney fees).

We agree with the state that the error here is not "plain." At the time of his sentencing, defendant stated that he is a productive member of society, had built his own home, and has a job. Defendant's attorney also represented that

defendant has tried to lead a productive life and has been working in wildland fire suppression. Defendant's ownership of assets—his home—his employment, and his 10-day jail sentence are sufficient to support a nonspeculative inference that defendant has an ability to pay the $1,000 in court-appointed attorney fees. *See, e.g., State v. Dylla*, 275 Or App 652, 653-54, 365 P3d 662 (2015) (trial court did not plainly err in imposing $260 in court-appointed attorney fees where "defendant's long history of employment and prospects for future employment, college degree, ability to meet a financial obligation, and 30-day jail sentence are sufficient to support a reasonable inference of defendant's ability to pay the amount imposed by the court"). We therefore conclude that the trial court did not plainly err in imposing the $1,000 in court-appointed attorney fees.

Portion of judgment requiring defendant to pay $60 "Mandatory State Amt" for each conviction reversed; otherwise affirmed.