BALMER, J.
**577 Defendant Smith petitions for reconsideration of this court's decision in State v. Sholedice/Smith, 364 Or. 146, 431 P.3d 386 (2018), as it applies to her.[1] She argues first that this court erred in considering one of the state's arguments regarding the validity of the seizure of her property. The state prevailed on that argument in this court, but Smith argues that the state failed to preserve that argument during earlier proceedings in her appeal. We reject that ground for reconsideration without discussion.
Smith also argues that this court erred in reversing in its entirety the Court of Appeals decision in her case, State v. Smith, 283 Or.App. 422, 387 P.3d 499 (2017), and affirming the trial court's judgment of conviction. She notes that, in addition to her challenge to the lawfulness of the seizure of her property-the issue upon which the Court of Appeals reversed her conviction-she also assigned error to the trial court's imposition of the so-called "mandatory state amount" of $ 60 on each conviction, a fine that, Smith argues, the trial court had no authority to impose. See State v. Easton , 278 Or.App. 167, 373 P.3d 1225 (2016) (discussing "mandatory state amount" and repeal of statute authorizing its assessment). Because the Court of Appeals reversed the trial court judgment on different grounds, it had no occasion to consider her assignment of error regarding the mandatory state amount.
Smith asserts that this court's disposition of her case-reversing the Court of Appeals decision and affirming the trial court judgment-was erroneous because neither this court nor the Court of Appeals considered her remaining assignment of error. We agree. Consistent with our usual practice, Smith's case should be remanded to the Court of Appeals to consider her other assignment of error. Accordingly, we allow Smith's petition for reconsideration and modify the disposition in State v. Sholedice/Smith, at 364 Or. at 147, 170, 431 P.3d 386, as follows:
**578 "In Sholedice, the decision of the Court of Appeals is reversed, and the judgment of the circuit court is affirmed. In Smith, the decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for consideration of *1144 defendant's remaining assignment of error."
The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

Defendants Sholedice and Smith were tried together, but their appeals were not consolidated, and the Court of Appeals issued separate decisions in the two appeals. This court issued a single opinion resolving both cases. Defendant Sholedice did not file a petition for reconsideration of this court's decision.