Argued and submitted October 16; reversed and remanded for resentencing, otherwise affirmed November 20, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROSHAWN RONDELL AUSTIN TRAVERS,
*Defendant-Appellant.*

Washington County Circuit Court
16CR37254; A166139

452 P3d 1083

Janelle F. Wipper, Judge.

Lindsey Burrows argued the cause and filed the reply and supplemental briefs for appellant. Also on the opening brief was O'Connor Weber LLC.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

PER CURIAM

Reversed and remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for murder, attempted aggravated murder, and misdemeanor unlawful possession of a firearm. On appeal, defendant raises six assignments of error. We reject defendant's first two assignments of error without discussion, and we reject his supplemental assignments of error because they raise claims regarding jury unanimity that are foreclosed by our case law. *See State v. Weltch*, 297 Or App 409, 410, 439 P3d 1047 (2019).

In his third assignment of error, defendant argues that the trial court plainly erred in imposing fines on merged Counts 3, 4, and 5. The state concedes that the trial court erred in imposing separate fines on merged Counts 3, 4, and 5 and that we should exercise our discretion to correct the error. We agree with the state, accept its concession, and exercise our discretion to correct the error. *See State v. Cuenca-Juarez*, 284 Or App 551, 552, 391 P3d 998 (2017) (accepting state's concession that trial court plainly erred by "imposing a fine on counts that merged into other convictions").

In his fourth assignment of error, defendant argues that the trial court plainly erred in imposing a $200 fine on Count 6. In view of our decision to remand on defendant's third assignment of error, we do not address defendant's fourth assignment of error because the trial court will have an opportunity to address on remand whether that is the fine it intended to impose on Count 6. *See, e.g.*, *State v. Jay*, 251 Or App 752, 753 n 1, 284 P3d 597 (2012), *rev den*, 353 Or 209 (2013) (taking a similar approach).

Reversed and remanded for resentencing; otherwise affirmed.