No. 688 September 25, 2024 267

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHARLES LEE ELLIS,
*Defendant-Appellant.*

Klamath County Circuit Court
21CR41150; A180846

Dan Bunch, Judge Pro Tempore.

Submitted August 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Portion of judgment requiring defendant to pay $500 Chapter 163 fine reversed; otherwise affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for menacing, ORS 163.190, after he used a gun to threaten a police officer who came to his house to respond to a domestic disturbance. He asserts that the trial court erred in denying his motion for judgment of acquittal on the "imminent physical injury" element of menacing and in imposing fees. We reverse as to the imposition of the fees under *former* ORS 137.290(2)(b) (2009), *repealed by* Or Laws 2011, ch 597, § 118; Or Laws 2012, ch 89, § 1, and otherwise affirm.

Assuming without deciding that defendant's challenge to the denial of his motion for judgment of acquittal is preserved, it fails on the merits. The crime of menacing occurs when, "by word or conduct[, a] person intentionally attempts to place another person in fear of *imminent serious physical injury.*" ORS 163.190(1) (emphasis added). Defendant contends that, because he yelled to the police officer he held at gunpoint that he would shoot her if she moved, any threat was conditioned on the officer moving and was therefore not "imminent." However, "the word [imminent] does not require that the state prove a threat of immediate injury. It is sufficient if the threatened injury is 'near at hand,' 'impending,' or 'menacingly near.'" *State ex rel Juv. Dept. v. Dompeling*, 171 Or App 692, 695, 17 P3d 535 (2000) (quoting *Webster's Third New Int'l Dictionary* 1130 (unabridged ed 1993)). Nothing about that definition requires the threat to be unconditional. *See id.* at 695-96 (youth's threat that she would stab her mother in her sleep was "imminent" because the threat was made in the evening and mother was likely to go to sleep soon). The officer could not remain motionless for long; thus, the threatened shooting was "near at hand."

In defendant's second assignment of error, he contends—and the state concedes—that the trial court plainly erred in imposing a $500 "mandatory" fine for a "Chapter 163 crime." Because "[t]he statute that authorized such an assessment, *former* ORS 137.290(2)(b) (2009), has long since been repealed," the trial court plainly erred. *State v. McQuiston*, 316 Or App 96, 97, 500 P3d 774 (2021) (emphasis in original). In the interests of justice and judicial economy, we exercise our discretion to correct the error. *State v.*

*Caro*, 278 Or App 162, 163, 373 P3d 1223 (2016) (correcting identical error as plain error and collecting cases).

Finally, defendant contends that the trial court plainly erred in assessing $250 for court-appointed attorney fees because the court never considered his ability to pay the fee. Because defendant had a strategic reason not to object to the imposition of a fee, however, we decline to exercise our discretion to correct the error, if any. Specifically, the trial court granted defendant leniency in imposing only probation and declining to impose community service, but warned him that the court could change its mind if defendant disagreed with another term of the sentence. *See State v. Drinkwater*, 231 Or App 6, 9, 217 P3d 1090 (2009), *rev den*, 348 Or 13 (2010) ("[I]f this court is required to choose from among competing inferences as to possible strategic reasons for a defendant's failure to object to a trial court's ruling, we cannot say that the error is 'plain' on the face of the record.").

Portion of judgment requiring defendant to pay $500 Chapter 163 fine reversed; otherwise affirmed.