366 May 7, 2025 No. 405

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WESLEY KIRT COVINGTON,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CN03567; A182603

Ann M. Lininger, Judge.

Argued and submitted April 3, 2025.

Emma Izaguirre, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Emily N. Snook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Portion of judgment imposing court-appointed attorney fees reversed, otherwise affirmed.

**TOOKEY, P. J.**

Defendant challenges the trial court's imposition of $429 in court-appointed attorney fees after he admitted to contempt of court. In a single assignment of error, defendant contends that the evidence in the record is legally insufficient regarding his ability to pay the attorney fees. The state contends that the assignment of error is not preserved, that any error is not plain error, and that, in any event, we should not exercise our discretion to correct any error. We disagree with the state and conclude that defendant sufficiently preserved the assignment of error and that the record below regarding his ability to pay is legally insufficient. We therefore reverse the trial court's imposition of attorney fees.

Regarding preservation, at the sentencing hearing, defense counsel asked the court that "fines and fees be waived" as defendant had "served some time on a related case and just got out" and "he does not have a lot of money right now." We think that was sufficient to alert the trial court to the issue of whether defendant is or may be able to pay the $429 in court-appointed attorney fees. *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) ("Preservation gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal."). In reaching that conclusion, we note that the trial court expressly considered the issue, finding that defendant was "in a position to pay attorneys' fees."

Regarding the sufficiency of evidence, the state notes that when the trial court asked defendant, "What kind of work do you do when you're working for pay?" defendant answered, "I was a site safety coordinator on commercial construction projects." The state argues that that shows "defendant had a work history such that he may be able to pay the fees." The state also points to defense counsel's statement that defendant "does not have a lot of money right now." Thus, the state concludes, a plausible inference is that defendant had "some funds available to him at the time of sentencing" and also his "probationary sentence * * * would not prevent defendant from working."

In reviewing a trial court's finding that a defendant is or may be able to pay attorney fees, "we review that finding to determine whether the evidence in the record is legally sufficient to support that finding." *State v. Mickow*, 277 Or App 497, 499, 371 P3d 1275 (2016). "There must be some information from which the court can find the statutorily required factual predicate to imposition of the fees," and "[a] court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future." *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012). It is the state's burden to prove defendant is or may be able to pay attorney fees. *State v. Coverstone*, 260 Or App 714, 715, 320 P3d 670 (2014).

With that framework in mind, we do not think that this record supports the trial court's determination that defendant could pay the attorney fees. As defendant notes, he informed the court he "served some time on a related case and just got out" and that "he does not have a lot of money right now."[1] As defendant also notes, the record does not indicate that he "was employed at the time of sentencing" or "that he would be again." Although the trial court inquired, through a single question, about defendant's work history and then stated, "I am finding that you're in a position to pay attorneys' fees," under the circumstances of this case, we think the evidence was legally insufficient. *Compare State v. Dylla*, 275 Or App 652, 653-54, 365 P3d 662 (2015) (evidence of the "defendant's long history of employment and prospects for future employment, college degree, ability to meet a financial obligation, and 30-day jail sentence are sufficient to support a reasonable inference of [the] defendant's ability to pay the amount imposed by the court"), *with State v. Zepeda*, 274 Or App 401, 407, 360 P3d 715 (2015) (record failed to support imposition of attorney fees because the "record does not reflect that [the] defendant either had a source of income, an educational background, or the prospect of future employment, nor does it contain any other indication that defendant had, or might have, the ability to pay the fees").

Portion of judgment imposing court-appointed attorney fees reversed, otherwise affirmed.

---

[1] Defendant asserts in his opening brief that he "served a term of imprisonment of 125 months." The state does not dispute that assertion.