PER CURIAM
*410 Appealing a judgment of conviction for felon in possession of a firearm, ORS 166.270, defendant assigns error to the trial court's (1) failure to supply a concurrence instruction to the jury, (2) failure to instruct the jury that it was required to reach a unanimous jury verdict, and (3) acceptance of a nonunanimous jury verdict. Defendant's first assignment of error is not preserved and the error, if any, is not plain. Defendant's remaining assignments of error are foreclosed by our case law. State v. Bowen , 215 Or. App. 199, 202, 168 P.3d 1208 (2007), adh'd to as modified on recons. , 220 Or. App. 380, 185 P.3d 1129, rev. den. , 345 Or. 415, 197 P.3d 1104 (2008), cert. den. , 558 U.S. 815, 130 S.Ct. 52, 175 L.Ed.2d 21 (2009).[1]
Affirmed.

We note that the United States Supreme Court has granted certiorari in Ramos v. Louisiana , --- U.S. ----, 139 S. Ct. 1318, --- L.Ed. 2d ---- (2019), to consider (again) the question of whether the Sixth Amendment to the United States Constitution requirement of jury unanimity applies to the states via the Fourteenth Amendment to the United States Constitution.