Submitted October 4; reversed and remanded for resentencing, otherwise affirmed October 30, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SAMUEL JUSTIN MANNING,
*Defendant-Appellant.*

Washington County Circuit Court
16CR54662; A164972

453 P3d 946

Janelle F. Wipper, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

PER CURIAM

Reversed and remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for four felony offenses arising out of his abusive methods of disciplining his six-year-old son. He raises five unpreserved assignments of error, three of which we reject summarily. The first two, which concern the trial court reconstituting his criminal history, are controlled by *State v. Cuevas*, 358 Or 147, 361 P3d 581 (2015), and we reject them for that reason. And his supplemental assignment raises a claim of error regarding jury unanimity that is foreclosed by our case law. *See State v. Weltch*, 297 Or App 409, 410, 439 P3d 1047 (2019).

In his two remaining assignments of error, defendant argues that the trial court plainly erred by imposing witness fees without evidence to support a finding about his ability to pay them, and that the court also plainly erred when it concluded that statutory fines on the felony counts were "mandatory" under ORS 137.286, even though that provision authorizes waiver of the fines. We agree with defendant's latter contention, *see State v. Seidel*, 294 Or App 389, 432 P3d 304 (2018), *rev den*, 364 Or 407 (2019), and we exercise our discretion to correct the error in light of its gravity—a total of $800 imposed on a defendant who is indigent and unable to work as a result of a disability. Because we must remand for resentencing to correct that error, we do not reach defendant's assignment regarding witness fees, which the trial court will have an opportunity to address in the first instance on remand. *See, e.g.*, *State v. Jay*, 251 Or App 752, 753 n 1, 284 P3d 597 (2012), *rev den*, 353 Or 209 (2013) (declining to address contentions under the strictures of plain-error review where the trial court would have an opportunity to consider the same issue on remand).

Reversed and remanded for resentencing; otherwise affirmed.