Submitted September 9; remanded for resentencing, otherwise affirmed October 20, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EMANUEL CID,
aka Emmanuel Cid,
*Defendant-Appellant.*

Washington County Circuit Court
18CR03884; A173686

500 P3d 758

Donald R. Letourneau, Senior Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Emanuel Cid filed the supplemental and reply brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Weston Koyama, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant pleaded guilty to, and was convicted of, one count of second-degree rape, ORS 163.365 (Count 10). He was also convicted, based on a no contest plea, of two counts of first-degree sodomy, ORS 163.405 (Counts 1 and 2); two counts of first-degree unlawful sexual penetration, ORS 163.411 (Counts 5 and 6); two counts of first-degree rape, ORS 163.375 (Counts 7 and 8); one count of first-degree sexual abuse, ORS 163.427 (Count 9); and one count of second-degree sodomy, ORS 163.395 (Count 11).[1] Defendant was an adult at the time of indictment, on January 12, 2018.

In his opening brief on appeal, defendant contends that the trial court plainly erred in imposing a $200 criminal fine on each count of conviction, based on the court's erroneous understanding that imposition of the fines was mandatory. The state concedes that the court erred in that respect and that we should exercise our discretion to correct it. We agree. Although ORS 137.286(2) specifies that $200 is the minimum fine for a felony, ORS 137.286(3) provides that the court has discretion to waive the fine in whole or in part. The record in this case reflects that the trial court mistakenly thought that it was required to impose the fines. Thus, the court's error was plain, *see, e.g.*, *State v. Manning*, 300 Or App 390, 391, 453 P3d 946 (2019), *rev den*, 366 Or 292 (2020), and, as in *Manning*, we exercise our discretion to correct it due to its gravity. We therefore remand the case for resentencing on that basis.

Defendant raises two additional sentencing-related assignments of error in a *pro se* supplemental brief. He contends that, due to the enactment of Senate Bill (SB) 1008 (2019), *see* Or Laws 2019, ch 634, which became operative just weeks before his sentencing hearing, the trial court erred in (1) sentencing him on Counts 1, 2, 5, 6, 7, 8, and 9 pursuant to ORS 137.700 rather than ORS 137.707 and (2) failing to clarify that defendant was eligible for a "Second Look hearing" pursuant to "ORS 420A.203, ORS 420A.206,

---

[1] The state dismissed two additional counts of first-degree sodomy (Counts 3 and 4).

and other provisions of SB 1008."[2] He acknowledges that he did not preserve those errors but requests the court to exercise discretion to review them as plain error. *See* ORAP 5.45(1). The state responds that ORS 137.707, by its terms, applies only to defendants who were *waived* into adult court pursuant to ORS 419C.349(1)(a) and defendant in this case was properly indicted in adult criminal court from the beginning. Thus, according to the state, ORS 137.707 does not apply to defendant and he is not eligible for any of the benefits of SB 1008, including a Second Look. In the state's view, the court did not err—and certainly did not plainly err—in the manner suggested by defendant.

We are not persuaded that the errors raised in defendant's supplemental brief are "obvious, not reasonably in dispute," as is required for us to consider an unpreserved claim of error under ORAP 5.45(1). *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (appellate court has discretion to consider an unpreserved claim of error if it satisfies three requirements: it is (1) "an error of law," (2) the legal point is "obvious and not reasonably in dispute," and (3) it is "apparent on the record without requiring the court to choose among competing inferences"). Moreover, because the case must be remanded for resentencing in any event, the parties can make those arguments to the trial court in the first instance.[3] Accordingly, we decline to consider defendant's supplemental assignments of error.[4]

Remanded for resentencing; otherwise affirmed.

---

[2] The judgment reflects the court's intent "that the defendant serve a total of 138 months in this case" and that "[t]he court is not taking a position regarding the defendant's eligibility for a Second Look in counts 1, 2, 5, 6, 7, 8, 9."

[3] The parties are not clear about which versions of the relevant sentencing statutes can or should govern in these circumstances. We leave that for the trial court to determine on remand. *See, e.g.*, *Manning*, 300 Or App at 391 (declining to address under plain error review an assertion of error that the trial court would have an opportunity to consider on remand).

[4] Likewise, the trial court at that time can consider the state's argument that the court actually should have imposed a mandatory 300-month sentence under ORS 137.690, rather than the 138-month sentence it imposed under ORS 137.700. We note, however, that it appears that ORS 137.690 was enacted *after* defendant committed at least some of the crimes for which he was convicted here, and issues may or may not arise based on the parties' plea agreement.