***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted May 9; in Case Number 21CR10075, remanded for resentencing, otherwise affirmed, in Case Number 20CN02979, affirmed June 7. petitions for review denied August 31 (371 Or 332) and October 5, 2023 (371 Or 476)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SEAN DAVID McLAUGHLIN,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR10075, 20CN02979;
A176405 (Control), A176359

Susie L. Norby, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Sean David McLaughlin filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

In Case Number 21CR10075, remanded for resentencing; otherwise affirmed. In Case Number 20CN02979, affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment convicting him of four counts of stalking, ORS 163.732 (Case No. 21CR10075), and a judgment revoking his probation (Case No. 20CN02979), raising three assignments of error. For the reasons that follow, we remand for resentencing.

In his first assignment of error, defendant challenges his conviction in Case Number 21CR10075, arguing that the trial court erred in not allowing him to withdraw his guilty pleas in that case. That challenge is not reviewable under ORS 138.105(5), which—except in circumstances not present here—"precludes a defendant who pleads guilty *** from obtaining appellate review of legal challenges to the conviction." *State v. Colgrove*, 370 Or 474, 500, 521 P3d 456 (2022); *State v. Merrill*, 311 Or App 487, 491, 492 P3d 722, *adh'd to as modified on recons*, 314 Or App 460, 495 P3d 219 (2021) ("The text [of ORS 138.105] makes the legislature's intentions clear: Unless otherwise provided, we have no authority to review on appeal challenges seeking to invalidate convictions based on pleas."); *see also* ORS 138.105(5) ("The appellate court has no authority to review the validity of the defendant's plea of guilty[.]").

Regarding his second assignment of error, defendant argues that the trial court erred in imposing multiple special conditions of probation, because at defendant's sentencing, the court simply referenced, in shorthand, the "substance abuse package" and "domestic violence package" without explanation as to what specific conditions it was imposing, and the challenged conditions appeared for the first time in the written judgment.

Recently, in *State v. Priester*, 325 Or App 574, 582, 532 P3d 118 (2023), we emphasized that "two things must be true before use of a shorthand phrase can legally suffice as announcing a sentencing condition in open court."[1] First, "it must be apparent somewhere in the record that all parties had the same understanding of the meaning of the shorthand phrase and what it referred to." *Id.* And second, "it must be apparent somewhere in the record that the

---

[1] *Priester* was decided during the pendency of defendant's appeal in this case.

shorthand phrase included the conditions that were eventually listed in the written judgment." *Id.* at 582-83. The record in this case does not reflect that both conditions were met; therefore, as in *Priester*, we remand for resentencing. *See id.* at 589 (remanding for resentencing).

Because we must remand for resentencing to correct that error, we do not reach defendant's third assignment of error about the special condition of probation regarding telephone records, which the trial court will have an opportunity to address in the first instance on remand. *See State v. Manning*, 300 Or App 390, 391, 453 P3d 946 (2019), *rev den*, 366 Or 292 (2020) (declining to address contention that trial court plainly erred in imposing sentence, where the trial court would have an opportunity to address that issue in the first instance on remand).

In Case Number 21CR10075, remanded for resentencing; otherwise affirmed. In Case Number 20CN02979, affirmed.