526 December 13, 2023 No. 652

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RUSSELL JAMES PRIETO,
*Defendant-Appellant.*

Malheur County Circuit Court
21CR13427; A177962

Erin K. Landis, Judge.

Submitted November 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

Defendant appeals his conviction for first-degree failure to appear, ORS 162.205, making several unpreserved arguments. Defendant first argues that the trial court plainly erred in failing to acquit him of failure to appear because the state's evidence did not establish unambiguously that he knew that he was required to appear on a specified date. We consider the "facts in the light most favorable to the state and draw all reasonable inferences in the state's favor" to determine whether the evidence was sufficient to permit a rational factfinder to "find all the elements of the charged crime beyond a reasonable doubt" and conclude that the trial court did not plainly err. *State v. Yerton*, 317 Or App 538, 539, 505 P3d 428 (2022). The record is sufficient to support a conclusion that the trial court orally informed defendant that he was to appear on a specified date, and that he did not do so. We reject defendant's argument without further discussion.

Defendant next argues that the trial court plainly erred in imposing a $200 fine based on a mistaken belief that the fine was mandatory. He also argues that the court was required to consider his ability to pay before imposing the fine. In imposing the fine, the court stated that it was a "mandatory" minimum fine. The state concedes that the court erred in imposing the fine on the mistaken belief that it was mandatory. We agree and accept that concession. *See State v. Cid*, 315 Or App 273, 500 P3d 748 (2021) (finding reversible plain error under similar circumstances). We exercise our discretion to correct the error due to its gravity. *See id.* at 274 (same). Given our disposition, we need not reach defendant's alternative argument concerning the imposition of the fine.

Remanded for resentencing; otherwise affirmed.