No. 46      January 23, 2025      487

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*
SAMUEL FRANCO ACEVEDO,
aka Samuel Acevedo Franco,
*Defendant-Appellant.*

Malheur County Circuit Court
23CR04114, 23CR05499; A182619 (Control), A182620

Erin K. Landis, Judge.

Submitted November 21, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Remanded for resentencing; otherwise affirmed.

**POWERS, J.**

In this consolidated appeal, defendant challenges the imposition of $200 fines as part of the judgments following his guilty pleas in Case No. 23CR04114 and Case No. 23CR05499. He asserts that the trial court erroneously imposed those fines in each case under the mistaken belief that they were mandatory rather than discretionary fines under ORS 137.286. He acknowledges that he did not object when the court announced that it was imposing the "mandatory minimum fine of $200," but he argues that the error is plain and that we should exercise our discretion to correct it and remand for resentencing as we have in similar circumstances. *See, e.g.*, *State v. Cid*, 315 Or App 273, 274, 500 P3d 758 (2021) (exercising discretion to correct the court's plain error where it "mistakenly thought that it was required to impose the fines" under ORS 137.286 and misunderstood its discretion to waive the fines in whole or in part). The state concedes that the trial court plainly erred; however, it contends that, based on the record in this case, we should not exercise our discretion to correct that error. We agree with defendant's argument that the error is plain, *see Cid*, 315 Or App at 274, and we exercise our discretion to correct the error in light of its gravity, *viz.*, an additional $400 in fines on top of a $2,500 restitution award against an indigent defendant, where there is little evidence of defendant's ability to pay the fines.

Remanded for resentencing; otherwise affirmed.