No. 531 June 11, 2025 275

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PHILLIP LEE HERRING,
*Defendant-Appellant.*

Linn County Circuit Court
23CR32954; A182610

Michael B. Wynhausen, Judge.

Submitted April 23, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

SHORR, P. J.

Defendant pleaded guilty to two counts of unauthorized use of a vehicle, ORS 164.135, and was sentenced to a total of 45 months in prison. On each of the two counts, the court imposed $200 fines. On appeal, defendant challenges the imposition of the fines, arguing that the trial court plainly erred by imposing them as mandatory fines without recognizing that it had the discretion to waive them. *See* ORS 137.286(2) (providing that, "[u]nless a specific minimum fine is provided by law, the minimum fine for a felony is $200"); ORS 137.286(3) (authorizing the court to waive that minimum fine). Defendant argues that we have previously corrected unpreserved claims of error when a fine was imposed based on the misunderstanding that it was mandatory rather than discretionary. *See, e.g.*, *State v. Cid*, 315 Or App 273, 274, 500 P3d 758 (2021) (accepting the state's concession that the trial court plainly erred by imposing $200 fines on the defendant's felony convictions "based on the court's erroneous understanding that imposition of the fines was mandatory," and exercising discretion to correct the error); *State v. Manning*, 300 Or App 390, 391, 453 P3d 946 (2019), *rev den*, 366 Or 292 (2020) (exercising discretion to correct the trial court's plain error in imposing statutory fines on felony counts under ORS 137.286 based on the mistaken belief that the fines were "mandatory").

For an error to qualify as "plain," an appellant must establish that the claimed error is one of law, obvious and not reasonably in dispute, and apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Here, unlike in *Cid* or *Manning*, it is not obvious that the trial court misunderstood its authority to impose the fines under ORS 137.286. The court never referred to the fines as "mandatory." Rather, it twice referred to them as "a $200 minimum fine," which is exactly how the statute itself describes the fine; and it once used the word "standard" before it listed a number of aspects of the sentence, including the fine.[1] That is not enough to establish that the court erroneously

---

[1] The court stated, "Standard—or there will be a one year post-prison supervision, a $200 fine, a one year driver's license revocation, and that will be with good time, earned time, credit for time served."

believed that it lacked discretion to waive the $200 fine, and we do not assume that the court was unaware of ORS 137.286(3) simply because it did not expressly mention its discretion under that statute when it imposed the fines.

Affirmed.