No. 209　　　　　March 18, 2026　　　　　845

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEVIN MICHAEL QUIRK,
*Defendant-Appellant.*

Marion County Circuit Court
22CR56629; A184296

Sean E. Armstrong, Judge.

Submitted February 5, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Oregon Public Defense Commission, filed the opening brief for appellant. Devin M. Quirk filed the supplemental briefs *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

Defendant appeals from a judgment of conviction for 15 sex crimes, including first-degree rape, ORS 163.375 (Counts 1, 9, and 11), first-degree sexual abuse, ORS 163.427 (Counts 2, 4, 6, 8, 10, 12, 14, 15), second-degree unlawful sexual penetration, ORS 163.408 (Counts 3, 5, 13), and first-degree sodomy, ORS 163.405 (Count 7). The charges against defendant arose when his 13-year-old daughter reported that defendant had sexually abused her on multiple occasions. After a trial, a jury convicted defendant on all 15 counts. On appeal, defendant raises four assignments of error through counsel and 12 assignments of error in his *pro se* supplemental briefs. Defendant argues that the trial court plainly erred by not merging Counts 2 and 4, and he argues that we should remand for resentencing. The state concedes the sentencing error which we accept as well taken. For the reasons discussed below, we reject defendant's remaining assignments of error. Therefore, we remand for resentencing and otherwise affirm.

*Substitution of Counsel.* In his first, second, and third assignments of error, defendant argues that the trial court erred when it denied his motions to substitute counsel. Defendant was arraigned on December 6, 2022. About a month later, on January 3, 2023, defendant requested substitute counsel, and the trial court granted that request and appointed a new attorney. On February 13, 2023, defendant again requested that the trial court appoint substitute counsel, which the trial court denied. Over a year later, on March 5, 2024, on the first day of trial, defendant requested substitute counsel once again. Following a colloquy between defendant and the trial court and the trial court's questioning of defense counsel, the trial court determined that it was "persuaded by [counsel's] representation" that counsel was "available to [defendant] by phone any time he want[ed] to talk," and that there was no reason to grant defendant's request for a new attorney. During trial the following day, defendant renewed his pretrial motion to substitute counsel twice more, which the trial court denied.

The right to counsel is guaranteed by Article I, section 11, of the Oregon Constitution, and by the Sixth

Amendment to the United States Constitution. When a defendant cannot afford an attorney, they have the right to an appointed attorney who can represent them adequately. *Krummacher v. Gierloff*, 290 Or 867, 872, 627 P2d 458 (1981); *Gideon v. Wainwright*, 372 US 335, 83 S Ct 792, 9 L Ed 2d 799 (1963). Defendants have a right to replace one court-appointed attorney with another only when they have a "legitimate complaint concerning the one already appointed to them." *State v. Langley*, 314 Or 247, 257, 839 P2d 692 (1992), *adh'd to on recons*, 318 Or 28, 839 P2d 692 (1993) (internal quotation marks omitted).

Citing *State v. Davis*, 345 Or 551, 580, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009), defendant argues that he was entitled to substitute counsel because there was a "breakdown in the attorney-client relationship sufficient to establish an abridgment of the constitutional right to counsel." However, the state responds that, under *Davis*, "[t]he proper question to ask is whether, given the circumstances involved, defense counsel adequately performed those functions of professional assistances which an accused relies upon counsel to perform on his behalf." *Id.* at 581-82 (internal quotation marks omitted). The state further argues that, like in *Davis*, there is nothing in the record to suggest that counsel could not—or would not—provide defendant with adequate representation. Having reviewed the record, we agree with the state. While the trial court acknowledged that the attorney-client relationship was "fairly contentious" and that defendant and his counsel did not "get along," the trial court did not "detect any difficulty or inability that [counsel] is having to present the evidence that [defendant] want[ed] to present *** and to represent [defendant] throughout the[] proceedings."

Reviewing for abuse of discretion, *State v. Olson*, 298 Or App 469, 472, 447 P3d 57 (2019), we conclude that the trial court did not err in denying defendant's motions for substitute counsel because the trial court engaged in an appropriate colloquy with defendant and his counsel and determined that there was no reason to think that their contentious relationship prevented counsel from exercising professional skill and judgment in his representation of

defendant. *See Bogle v. State*, 363 Or 455, 472, 423 P3d 715 (2018) (explaining that "appointed counsel—like all counsel—must exercise reasonable professional skill and judgment"). Therefore, we reject defendant's first three assignments of error.

*Merger of Counts 2 and 4.* In his fourth counseled assignment of error, defendant contends that the trial court plainly erred by not merging the verdicts for Counts 2 and 4. Although defendant did not object to the trial court's failure to merge the counts at trial, he asks that we review the issue as plain error. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error.").

The state concedes that the trial court plainly erred in failing to merge Counts 2 and 4 because, under ORS 161.067(3), merger was required. Having reviewed the record, we agree with the parties. Counts 2 and 4 were based on a single criminal episode, and the state presented no evidence of a sufficient pause in defendant's conduct for separate convictions. *See State v. Campbell*, 265 Or App 132, 138, 333 P3d 1220 (2014) (holding that ORS 161.067(3) does not authorize separate convictions for successive assaults when the record fails to establish that a "sufficient pause" separated the violations).

Defendant argues, and the state agrees, that we should exercise our discretion to correct this plain error. *See, e.g.*, *State v. Sheikh-Nur*, 285 Or App 529, 533, 398 P3d 472, *rev den*, 361 Or 886 (2017) ("[T]he presence of an additional conviction on [the] defendant's criminal record misstates the nature and extent of [the] defendant's conduct; furthermore, the state has no interest in convicting a defendant twice of the same crime." (Internal quotation marks omitted.)). We conclude that the trial court plainly erred in failing to merge Counts 2 and 4 into a single conviction of first-degree sexual abuse, and we exercise our discretion to correct the error. Therefore, we remand for sentencing.

Pro Se *Assignments of Error.* In a supplemental *pro se* brief, defendant raises 12 assignments of error, including, in his first through fourth assignments of error, that the trial court erred in denying motions to dismiss and his motion to suppress evidence. Having reviewed the arguments and the record, we are not persuaded that the trial court erred when it denied those motions. Although defendant's arguments are often difficult to follow, to the extent that defendant's sixth through ninth assignments of error can be viewed as asserting sentencing errors, we do not reach them because they can be addressed by the trial court on remand for resentencing. *See State v. Manning*, 300 Or App 390, 391, 453 P3d 946 (2019), *rev den*, 366 Or 292 (2020) ("Because we must remand for resentencing to correct [one] error, we do not reach defendant's assignment regarding [another sentencing error], which the trial court will have an opportunity to address in the first instance on remand."). In addition, we do not address defendant's fifth, tenth, eleventh, and twelfth assignments of error because the arguments are unpreserved and undeveloped. Although we recognize the challenges inherent in representing oneself *pro se* in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as neutral arbiter in order to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Briggs v. Lamvik*, 242 Or App 132, 142 n 9, 255 P3d 518 (2011) (stating similar).

Remanded for resentencing; otherwise affirmed.